# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF FLORIDA

FERNANDA DANIELE BUZZI, RAFAEL
MARCOS DE OLIVEIRA AREDES, BETTINA
DE OLIVEIRA NICOLELLIS DELBONI,
NATALIA DE OLIVEIRA NICOLELLIS
DELBONI, LUCIANA SANTOS DA ROCHA,
BEATRIZ VENTURA PEREIRA, LEONARDO
BARROS NOBRE, MARIA PENHA BARONE,
and others similarly situated,

      Plaintiff,

v.

RONNED DA SILVA, FLAVIA RIBEIRO
HENSEL, LENOIR-EVANDRO DOS SANTOS,
VELLOSO & SANTOS, LLC, and V&V CORP.,

      Defendants.
_____/

## COLLECTIVE ACTION COMPLAINT

### I. INTRODUCTION

1.    This is a collective action brought pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 (hereinafter "FLSA"), to recover unpaid overtime wages on behalf of Plaintiffs FERNANDA DANIELE BUZZI, RAFAEL MARCOS DE OLIVEIRA AREDES, BETTINA DE OLIVEIRA NICOLELLIS DELBONI, NATALIA DE OLIVEIRA NICOLELLIS DELBONI, LUCIANA SANTOS DA ROCHA, BEATRIZ VENTURA PEREIRA, LEONARDO BARROS NOBRE, MARIA PENHA BARONE, and all others similarly-situated to them, who were formerly, or are currently, employed as hourly paid employees by Defendants RONNED DA SILVA, FLAVIA RIBEIRO HENSEL,

LENOIR-EVANDRO DOS SANTOS, VELLOSO & SANTOS, LLC, and V&V CORP., (hereinafter referred to as "Defendants"). Plaintiffs also brings a count for unlawful retaliation for being terminated because they complained about the Defendant's illegal practices.

2. Defendants employs these employees within the Middle District of Florida to perform various tasks in furtherance of the operation of its restaurant.

3. Throughout the liability period, Defendants have owned and operated a restaurant known as "Sabor do Sul" aka "Velloso Santos LLC" aka "V&V Corp." within the Middle District of Florida.

4. For at least three years prior to the filing of this complaint and continuing (hereinafter "Liability Period"), Defendants have had policies and practices to require its employees to work more than 40 hours in a particular week, without pay which is illegal.

5. Pursuant to the FLSA, Plaintiffs, on behalf of themselves and all others similarly situated to them who were formerly, or are currently, employed as hourly paid employees for Defendants during the liability period, seeks unpaid overtime wages, minimum wage, liquidated damages or pre- judgment interest, post-judgment interest and attorneys' fees and costs from each of the Defendants.

6. Plaintiffs will request the Court to authorize concurrent notice to all hourly paid employees who are employed by Defendants or who were so employed during the liability period, informing them of the pendency of this action and their right to opt into this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b).

## II. JURISDICTION AND VENUE

7. This Court has federal question jurisdiction over this action pursuant to 28

U.S.C. §§ 1331 because Plaintiffs have asserted a claim pursuant to the FLSA.

### III. VENUE

8. Venue is proper in this Court under 28 U.S.C. § l39l(b)(1) where Defendants may be deemed to reside because Defendants conduct business within the Middle District of Florida.

### IV. PARTIES

#### THE PLAINTIFFS

7. Plaintiffs were and are at all material times residents of Orange, Osceola and/or Seminole counties, but all of the Plaintiffs worked in Orange County.

8. Plaintiffs, at all material times, was a covered, non-exempt employees of Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e) and (g).

9. Defendants employed Plaintiffs as hourly paid servers, cashiers and cooks.

10. During the Liability Period, Plaintiffs and similarly situated hourly paid employees were at times required to work more than 40 hours per week, but would only receive straight time pay for all hours.

11. During the Liability Period, Plaintiffs, and other similarly situated hourly paid employees, complained to their supervisors about not receiving their normal pay, overtime compensation, or tips form the tip pool, but nothing was ever done to remedy the problem.

#### THE DEFENDANTS

12. Defendant, Velloso & Santos LLC (hereinafter, "VSLLC") is a Florida limited liability company located in Orlando, Florida and is an enterprise engaged in an industry affecting commerce, and is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), which has employees subject to the provisions of the FLSA, 29 U.S.C. § 207, in the restaurant where Plaintiffs were employed.

13. At all times material hereto, VSLLC is an "enterprise engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(l) with annual gross sales in excess of $500,000 within the meaning of the FLSA, and is thus subject to the requirements of the FLSA.

14. Defendant, V&V CORP (hereinafter, "V&V") is a Florida corporation located in Orlando, Florida and is an enterprise engaged in an industry affecting commerce, and is an employer as defined by 29 U.S.C. § 203(d) and (s)(l), which as the sole successor in interest to Velloso & Santos LLC had the same employees that were subject to the provisions of the FLSA, 29 U.S.C. § 207, in the restaurant where Plaintiffs were employed.

15. At all times material hereto, V&V is an "enterprise engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(l) with annual gross sales in excess of $500,000 within the meaning of the FLSA, and is thus subject to the requirements of the FLSA.

16. Defendants RONNED DA SILVA is the owner and/or manager of Defendant V&V Corp. and directly managed the Plaintiffs and similarly situated employees. Defendants FLAVIA RIBEIRO HENSEL and LENOIR-EVANDRO DOS SANTOS are the owners of Velloso & Santos LLC and directly managed the Plaintiffs and similarly situated employees. At all times material hereto Defendants RONNED DA SILVA, FLAVIA RIBEIRO HENSEL and LENOIR-EVANDRO DOS SANTOS were engaged in commerce within the meaning of 29 U.S.C. § 203(s)(l) with annual gross sales in excess of $500,000 within the meaning of the FLSA, and is thus subject to the requirements of the FLSA as the owners and managers of the restaurant business.

## V. GENERAL FACTUAL ALLEGATIONS

17. The allegations in paragraphs 18 through 20 occurred during the liability period.

The Defendants did not pay its hourly paid employees minimum wage or overtime as required by the Fair Labor Standards Act of 1938 ("FLSA") (as amended), 29 U.S.C. § 216(b). and 28 U.S.C. §§ 1331, 1337.

18. All hourly paid employees employed by Defendants are not exempt from the overtime requirements of the FLSA pursuant to 29 U.S.C. § 213(a)(l).

18. All hourly paid employees employed by Defendants are entitled to be paid minimum wage and overtime compensation when they work more than 40 hours during any single workweek.

19. There are numerous persons similarly-situated to Plaintiff who are, or were, employed as hourly paid employees for Defendants during the liability period.

20. During the liability period, Defendants willfully and recklessly required its hourly paid employees to work standard hours and at over 40 hours per week without receiving overtime compensation. Defendants were made aware that this illegal practice was taking place, but did nothing whatsoever to remedy the problem and ensure that its hourly paid employees were paid overtime compensation.

## VI. FIRST CLAIM -Unpaid Wages Including Overtime

21. The allegations in paragraphs 1-20 are incorporated by reference herein.

22. By its actions alleged above, Defendants willfully, knowingly and/or recklessly violated the provisions of the FLSA, which requires minimum wage overtime compensation wages to non-exempt employees, 29 U.S.C. § 207.

23. As a result of the unlawful acts of Defendants, Plaintiffs and all persons similarly situated to them have been deprived of standard wage income and overtime

compensation in amounts to be determined at trial, and are entitled to recovery of such amounts in addition to liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees and costs.

24. Plaintiff FERNANDA DANIELE BUZZI is owed wages of totaling approximately $1,832.16 and are listed in the attached chart and/or paystub. (*See*, Exhibit A). Plaintiff is also owed 276.25 hours of overtime worked for the 52 weeks of employment on the low end would equal an additional $4,342.00 at time and a half. Accordingly totaling $6,174.16 in wages earned and not paid.

25. Plaintiff RAFAEL MARCOS DE OLIVEIRA AREDES is owed wages of totaling approximately $2,132.65 and are listed in the attached chart and/or paystub. (*See*, Exhibit B). Plaintiff is also owed 400.65 hours of overtime worked for the 61 weeks of employment on the low end would equal an additional $5,208.35 at time and a half. Accordingly totaling $7,341.00 in wages earned and not paid.

26. Plaintiff BETTINA DE OLIVEIRA NICOLELLIS DELBONI is owed wages of totaling approximately $479.61 and are listed in the attached chart and/or paystub. (*See*, Exhibit C). Plaintiff is also owed $231.00 in tips. Accordingly totaling $710.61 in wages earned and not paid.

27. Plaintiff NATALIA DE OLIVEIRA NICOLELLIS DELBONI is owed wages of totaling approximately $120.93 and are listed in the attached chart and/or paystub. (*See*, Exhibit D).

28. Plaintiff LUCIANA SANTOS DA ROCHA is owed wages of totaling approximately $3,472.56 and are listed in the attached chart and/or paystub. (*See*, Exhibit E). Plaintiff is also owed 218.83 hours of overtime worked for the 12 weeks of employment on the low end would equal an additional $1,022.21 (AT RATE OF $9/HR X 1.5) and $1,308.84 (AT RATE OF $13/HR X 1.5). Accordingly totaling $5,803.61 in wages earned and not paid.

29. Plaintiff BEATRIZ VENTURA PEREIRA is owed wages of totaling approximately $1,350.05 and are listed in the attached chart and/or paystub. (*See*, Exhibit F). Plaintiff is also owed

341.91 hours of overtime worked for the 6 weeks of employment on the low end would equal an additional $5,716.98 (AT RATE OF $12/HR X 1.5) and $473.85 (AT RATE OF $13/HR X 1.5). Accordingly totaling $7,540.88 in wages earned and not paid.

30. Plaintiff LEONARDO BARROS NOBRE is owed wages of totaling approximately $1,047.76 and are listed in the attached chart and/or paystub. (*See*, Exhibit G). Plaintiff is also owed 3.78 hours of overtime worked for the 5 weeks of employment on the low end would equal an additional $39.69. Accordingly totaling $1,087.45 in wages earned and not paid.

31. Plaintiff MARIA PENHA DOS SANTOS (aka MARIA PENHA BARONE) is owed wages of totaling approximately $3,027.84 and are listed in the attached chart and/or paystub. (*See*, Exhibit H). Accordingly totaling $3,027.84 in wages earned and not paid.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and all employees similarly situated who join in this action pray for this Court:

    a. To authorize the issuance of notice at the earliest possible time to all Sabor do Sul / Velloso Santos LLC / V&V Corp hourly employees who were employed by Defendants during the three years immediately preceding the filing of this action. This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they worked more than 40 hours without receiving overtime compensation during the Liability Period;

    b. To declare that Defendants has violated the overtime provisions of the FLSA, 29 U.S.C. 207, as to the Plaintiff and persons similarly situated;

    c. To declare that Defendant's violations of the FLSA to be willful;

  d. To award Plaintiffs, and other similarly situated current and former Sabor do Sul / Velloso Santos LLC / V&V Corp hourly employees, damages for the amount of the unpaid hourly salaries, overtime wages and liquidated damages, subject to proof at trial;

  e. If liquidated damages are not awarded, then the Court should award, in the alternative, prejudgment interest;

  f. To make the same declarations and awards as prayed for in paragraphs A-E above as to all persons who opt into this action pursuant to 29 U.S.C. § 216(b); and

  g. To award Plaintiffs, and other similarly situated current and former hourly employees, reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## **DEMAND FOR JURY TRIAL**

Plaintiff Demands a jury trial of all matters so triable as a matter of right.

Respectfully submitted,

DATED this 26th day of October 2020
Vincent B. Lynch, Esq.
FL BAR# 0917801
vincent@elpglobal.com
Carlos J. Bonilla
FL BAR #0577818
carlos@elpglobal.com
ELP Global, PLLC
7901 Kingspointe Parkway, Suite 8
Orlando, Florida 32819
Attorney for Plaintiff

By: /s/ Vincent B. Lynch
   Vincent B. Lynch